UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY McPHERSON,

Plaintiff,

v.

RAUL MORALES, Warden,

Defendant.

Case No.: 1:26-cv-04161-CDB

**FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION AS FRIVOLOUS**

14-Day Objection Deadline

Clerk of the Court to Assign District Judge

Plaintiff Michael Bruce Anthony McPherson, also known as Makal Brusamtone Makfarsan, is appearing pro se in this civil rights action pursuant to Title 42 of the United States Code section 1983.

I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.     PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

2

section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. DISCUSSION

#### A. Plaintiff's Complaint

Plaintiff identifies Warden Raul Morales at the Substance Abuse Treatment Facility in Corcoran, California, as the sole defendant in this action. (Doc. 1 at 1-2.) He asserts a single claim for relief and identifies his constitutional or other federal right violated as "Ministerial Duty Owed to Me Who Fails to Act" and the issue involved as "Other: Failure to Act." (*Id*. at 3.) By way of relief, Plaintiff seeks the following: "Order the Clerk, File an Order Directly to the SATF Prison, Litigation Coordinator, Case Records, and Warden to Immediately Release Me." (*Id*. at 10.) Attached to the complaint are the following documents: (1) a Jurat executed September 29, 2025, by Notary Public B. Keithley, including a description of the document identified as "State Conviction Declared Invalid" (*id*. at 4); (2) page "2" of an unidentified yet presumed court document, lacking any caption, case name or case number but referencing another matter titled *McPherson v. St. Andre*, No. 2:23-cv-01014 WBS KJN (*id*. at 5); (3) a CDCR 602-3, Request to Implement Remedies form dated November 23, 2025 (*id*. at 6); and (4) a single page handwritten document, lacking any caption, case name or case number, and largely illegible due to the quality

3

of the copy (*id*. at 7).

### B. Plaintiff's Sole Claim for Relief

The entirety of Plaintiff's Claim I reads as follows:

> On 5/12/2026 I request to litigation with "notarial document," litigation said send "these documents" to "case records."
>
> Case Records stated: "These documents are generic and are not certified, you need to Request the [Court]."
>
> As noted, "the incorporated documents speaks for itself."
>
> "Petition for Writ of Mandamus under 28 U.S.C. § 1361 is necessary."

(*See* Doc. 1 at 3.)[1] Plaintiff did not identify any injury and did not answer queries regarding administrative remedies. (*Id*.)

### C. Analysis

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke,* 490 U.S. at 325, 328 (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). "The Court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-0997-CKD P, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327).

A review of Plaintiff's complaint establishes that it contains an indisputably meritless legal theory. Nothing in Plaintiff's complaint or in the accompanying documents indicates that Plaintiff is entitled to immediate release from custody. Plaintiff plainly believes he is entitled to release

---

[1] The Mandamus and Venue Act of 1961 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Here, Raul Morales is warden at the Substance Abuse Treatment Facility – that is a state agency, thus its officials are not "an officer or employee of the United States or any agency thereof …" Hence, 28 U.S.C. § 1361 does not apply here. *Howell*, 2021 WL 3602139, at *1. Even assuming it did apply, mandamus relief is unavailable because Plaintiff's claim is not "clear and certain" for the reasons discussed herein. *See Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

from custody, but none of the notarized documents support any argument that he is entitled to release.

First, the attached Jurat merely indicates that Notary Keithley verified Plaintiff's identity on September 29, 2025. (Doc. 1 at 4.) It states at the top: "this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document." (*Id*.) Additionally, no other document is attached that could be construed as a "State Conviction Declared Invalid." And, significantly, even were there an attachment to the Jurat, its truthfulness, accuracy, and validity would be subject to scrutiny. (*See id*.)

Second, page "2" of an unidentified document merely recounts Plaintiff's claims or arguments in the unidentified action (*id*. at 5) — it does not indicate in any way that Plaintiff is entitled to a release from custody. Next, to the extent that same document mentions a habeas action filed in Sacramento division, the Court notes District Judge William B. Shubb dismissed that action with prejudice on December 21, 2023. (*See* 2:23-cv-01014 Docket, No. 71.) More specifically, the Court granted respondent's motion to dismiss, finding Plaintiff's federal habeas corpus petition was filed "over two years after the statute of limitations expired" and thus was untimely. (*See* 2:23-cv-01014 Docket, No. 56 [findings and recommendations] & No. 71 [order adopting].)[2] Nothing in that habeas corpus action indicates Plaintiff is entitled to release from custody.

Next, the "Request to Implement Remedies" form refers to grievance or appeal log number "775179" and a "10-24-2025" decision, followed by Plaintiff "Description of Remedy: $107,937,501,412,302.02, order case records to find my court documents and discharge me from custody immediately." (Doc. 1 at 6.) Again, this document does not indicate Plaintiff is entitled to immediate release. Apparently Plaintiff believes that to be the case, but without a copy of grievance/appeal log number 775179 and a final determination making an explicit finding that

---

[2] Notably too, Plaintiff filed dozens of notices seeking immediate release in that case. (Docs. 23, 30, 32-38, 40, 45-52, 54-55, 27-58, 60-70, 73-81, 85, 89.)

Plaintiff is somehow entitled to immediate release from custody, Plaintiff's request is nothing more than an unsupported assertion. The undersigned concludes that Plaintiff's request that CDCR release him immediately and pay him an astronomical sum of money are fanciful, irrational and delusional. Further, the copy of an untitled handwritten document (*id*. at 7) attached to the complaint is largely illegible. What few words that can be deciphered do not concern a court order indicating Plaintiff is entitled to immediate release.

Simply put, Plaintiff's complaint is frivolous. *Denton*, 504 U.S. at 32-33; *Neitzke,* 490 U.S. at 325, 328; *Howell,* 2021 WL 3602139, at *1. And because Plaintiff's complaint is frivolous, granting Plaintiff leave to amend his complaint would be futile. *See Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Therefore, the undersigned will recommend this action be dismissed.

### IV.    ORDER AND RECOMMENDATION

Accordingly, the Court directs the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as frivolous and without leave to amend, and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE